# In The United States Court of Federal Claims

No. 13-508C

(Filed: September 6, 2013)
_____

LYON SHIPYARD, INC.,
a Virginia Corporation,

              Plaintiff,

   v.

THE UNITED STATES,

             Defendant.

_____

**ORDER**
_____

      On August 26, 2013, plaintiff filed a motion to supplement the administrative record. On August 30, 2013, defendant filed its opposition.

      In *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009), the Federal Circuit noted that the "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *affd*, 398 F.3d 1342 (Fed. Cir. 2005)). In forceful terms, the Federal Circuit rejected the lenient approach to the use of extra-record evidence reflected in *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989), noting that the latter decision: (i) "departs from fundamental principles of administrative law as articulated by the Supreme Court;" (ii) has "questionable" vitality "even within the D.C. Circuit ... in light of more recent opinions by that court which demonstrate a more restrictive approach to extra-record evidence;" and (iii) at all events, "is not the law of this circuit." *Axiom*, 564 F.3d at 1380-81. As this court has subsequently noted, "[w]hile Axiom undoubtedly permits limited supplementation of the record with evidence that does not involve the agency's procurement decision (*e.g.*, evidence as to whether a plaintiff would experience irreparable harm), it makes clear that any court in this circuit that relies upon *Esch* to supplement the administrative record more broadly does so at peril of reversal." *NEQ, LLC v. United States*, 88 Fed. Cl. 38, 47 n. 6 (2005).

      In many ways, though, the pending motion does not seek supplementation of the administrative record, *i.e.*, to add "extra-record evidence," but rather seeks to have a record that is complete. Contrary to defendant's claims, the court believes that the administrative record must contain all supporting documentation for the agency's decision, including emails, worksheets and other documents that evidence the agency's decisionmaking process and ultimate

decision. These documents were before agency officials at the time of the award decision here. In the court's view, these materials represent "core documents relevant to a protest." *See* RCFC, Appendix C, Procedures in Procurement Protest Cases Pursuant to 28 U.S.C. § 1491(b), ¶ 22; *see also Mgmt & Training Corp. v. United States*, 2013 WL 3944270, at *5 (Fed. Cl. July 25, 2013).[1] At least at this point, however, it appears that defendant has not provided all such documents.

Accordingly: On or before September 11, 2013, defendant shall file, as part of the administrative record, emails, evaluation worksheets and other documents relating to the evaluation of Lot II proposals under the solicitation, including those relating to:

1. The determination and approval of the Independent Government Estimate for the procurement in issue;

2. The price evaluation of Lot II proposals; and

3. The Lot II trade-off analysis.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[1] Defendant's contention that an agency may shield documents reflecting its pre-decisional deliberations with respect to a procurement is not well-taken. Owing to the need for an expedited decision, this argument will be addressed in detail in any final decision in this matter.